*[Handwritten annotation at top left:]* The parties' joint request to extend discovery to 1/28/09 is granted. Plaintiff shall produce the appropriate right-to-sue letter by 12/2/08.

SO ORDERED
/s/
Roanne L. Mann
U.S. Magistrate Judge
Dated: 11/24/08

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

Andrew M. Cuomo
Attorney General

Writer's Direct Dial
(212) 416-8556

Leslie G. Leach
Executive Deputy Attorney General
Division of State Counsel

June Duffy
Assistant Attorney General in Charge
Litigation Bureau

November 21, 2008

**BY ECF**
Hon. Roanne L. Mann
United States Magistrate Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   Moore v. OMH et al, 07-CV-5364 (DGT)(RLM)

Dear Magistrate Judge Mann:

The Office of the Attorney General represents the New York State Office of Mental Health, Martin Darcy, Kin Wah Lee and Mahendra Jorawar in the above-referenced action. The firm of Littler Mendelson, P.C. represents defendant Mark Lerman. All the parties, including plaintiff, seek an extension of discovery, up to and including January 28, 2009. Discovery is currently set to close on November 25, 2008. This is our first request for an extension of discovery. While there are several open discovery issues between the parties, we believe they may be resolved without the court's intervention. In the meantime, defendants are writing separately to the court due to an important issue that remains unresolved.

To date, plaintiff has not provided defendants with a copy of the right-to-sue letter in this case. As such, the necessary condition precedent for filing a Title VII action in federal court has not been met. This failure was first brought to plaintiff's attention in defendants' answers[1] to the original complaint, filed on March 11, 2008 and April 18, 2008 respectively. Defendants had requested and received a copy of the EEOC file in this case, which does not contain a right-to-sue letter. Subsequently, counsel for the parties spoke by phone prior to the initial conference held on May 2, 2008. During this conference call, counsel for defendants requested a copy of the right-to-sue letter plaintiff alleged to have received. Plaintiff's counsel confirmed that such letter had been received and agreed to forward a copy. We heard nothing further in this regard.

Finally, counsel for all defendants made document requests for the right-to-sue letter that plaintiff alleged in her complaint and in her amended complaint had been issued prior to filing the instant lawsuit, by document requests to plaintiff served on July 1, 2008 and August 7, 2008 respectively. In response, plaintiff produced a

---

[1] Defendants OMH, Darcy, Lee and Jorawar filed an answer to the original complaint on March 11, 2008. Defendant Lerman filed an answer to the original complaint on April 18, 2008.

right-to-sue letter for an entirely different case years earlier in which Cheryl Moore was named as a respondent, not complainant. Following receipt of this irrelevant document, I wrote to plaintiff's counsel requesting that he immediately provide me with the correct right-to-sue letter for the present case. I have received nothing in response, nor have I been able to reach plaintiff's counsel by phone.

Plaintiff has been on notice for over 8 months regarding this defect and has not cured it. Therefore, defendants submit that discovery on the Title VII claims should not proceed, as such claims are not properly before this court. In addition, if plaintiff fails to cure this defect in the very near future, defendants ask that the Title VII claims be dismissed.

Respectfully submitted,

/s/

Joanne Skolnick
Assistant Attorney General

cc: Lee Nuwesra, Esq.
    A. Ali Ayazi, Esq.